**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALAN MANCHESTER, | No. 15-35825 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00832-RAJ |
| v. | MEMORANDUM[*] |
| CECO CONCRETE CONSTRUCTION, LLC, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 8, 2017
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and BENITEZ, District Judge.[**]

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

Alan Manchester appeals from the district court's order granting summary judgment on all of his claims in favor of Ceco Concrete Construction, LLC. Each of Manchester's claims were brought under Hawaii state law and arise out of his former employment with Ceco. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Manchester argues that the district court erred in relying on a confirmed arbitration award to find that he was collaterally estopped from pursuing his equitable claims and alleging a violation of Hawaii Rev. Stat. 388-10. Manchester urges us to disregard the arbitrator's finding under the theory that he was not a party to the arbitration. We disagree.

Manchester actively participated in the prior arbitration on behalf of the company that he operated and his wife owned; he was adequately represented by a party with the same interests as his own. *Taylor v. Sturgell*, 553 U.S. 880, 900 (2008). We are thus prohibited from reviewing the arbitrator's factual findings and legal conclusions. *See Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) ("[Plaintiff's] argument, in essence, amounts to an invitation to review the [arbitration] panel's factual findings and legal conclusions. We are prohibited from doing so."); *see also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) ("Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the

2

parties' agreement." (citing *Paperworkers v. Misco, Inc.,* 484 U.S. 29, 36 (1987)); *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [Federal Arbitration Act].").

Manchester also asserts the district court erred in granting summary judgment on his negligent misrepresentation claim. In Hawaii, a negligent misrepresentation claim consists of three elements: 1) false information supplied as a result of failing to exercise reasonable care or competence in communicating the information; 2) a loss; and 3) reliance upon the misrepresentation. *Santiago v. Tanaka*, 366 P.3d 612, 628-29 (Haw. 2016). A negligent misrepresentation may be based on an unfulfilled promise only if the plaintiff can prove that the promisor had no intention of fulfilling the promise when it was made. *Joy A. McElroy, M.D., Inc. v. Maryl Grp., Inc.*, 114 P.3d 929, 939 (Haw. Ct. App. 2005).

The district court correctly found that Greg Tadie's promises to Manchester were imputed to Ceco as its agent because it was undisputed that Tadie recruited Manchester's employment on behalf of Ceco. *See Cosmopolitan Fin. Corp. v. Runnels*, 625 P.2d 390, 394 (Haw. Ct. App. 1981) ("The fundamental and well-settled rule is that when, in the usual course of the business of a corporation, an . . . agent . . . has been permitted to act for [the corporation] . . . in such a way as to

3

justify third persons who deal with him in inferring or assuming that he is . . . making a contract within the scope of his authority, the corporation is bound thereby[.]" (quotation omitted)).  Moreover, the record indisputably shows that Tadie's promises were made with the present intent to perform.  Manchester failed to raise a genuine issue of material fact about Ceco's lack of intention to break its promise, and the district court did not draw improper factual inferences in reaching that conclusion. *Joy A. McElroy*, 114 P.3d at 939.  Therefore, the district court properly granted summary judgment to Ceco on the negligent misrepresentation claim.

Costs are awarded to the Appellee.  *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**